# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA VASQUEZ,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>　　　　　Defendant. | Case No. CV 10-6482-SP<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.
## INTRODUCTION AND SUMMARY

On September 2, 2010, plaintiff Teresa Vasquez ("Plaintiff") filed a complaint against defendant Michael J. Astrue ("Defendant" or "Commissioner"), seeking a review of a denial of disability insurance benefits ("DIB"), supplemental security income ("SSI"), and disabled widow's benefits. [Docket No. 3.]

On March 3, 2011, Defendant filed his answer, along with a certified copy of the administrative record. [Docket Nos. 12, 13.]

On April 27, 2011, this matter was transferred to the calender of the undersigned Magistrate Judge. [Docket No. 14.] Both Plaintiff and Defendant

subsequently consented to proceed for all purposes before the Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Docket Nos. 15, 17.]

Pursuant to a September 3, 2010 case management order, the parties submitted a detailed, 22-page joint stipulation for decision on April 29, 2011. [Docket No. 19.] The Court deems the matter suitable for adjudication without oral argument.

In sum, having carefully studied, inter alia, the parties' joint stipulation and the administrative record, the Court concludes that, as detailed herein, there is substantial evidence in the record, taken as a whole, to support the decision of the Administrate Law Judge ("ALJ"). Therefore, the Court affirms the Commissioner's decision denying benefits.

## II.

## PERTINENT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, who was 57 years old on the date of her July 20, 2009 administrative hearing, has a sixth grade education. (*See* Administrative Record ("AR") at 36, 40-41, 119, 123, 128.) Her past relevant work includes employment as a baby sitter and sales representative. (*Id.* at 47-48; 144-46.)

On August 29, 2007, Plaintiff filed applications for DIB, SSI, and disabled widow's benefits alleging that she has been disabled since August 27, 2007 due to asthma, high blood pressure, diabetes, arthritis, spinal cord and disc problems, broken sternum, upper body problems, and thyroid problems. (*See* AR at 26, 41, 74, 119-22, 123-25, 128-29.) Plaintiff's applications were denied initially, after which she filed a request for a hearing. (*Id.* at 68, 69, 70, 74-78, 79.)

On July 20, 2009, Plaintiff, represented by counsel, appeared and testified at a hearing before the ALJ. (AR at 36, 39-56, 67.) The ALJ also heard testimony from Freeman Leeth, a vocational expert ("VE"). (*Id.* at 58-63, 67.)

On August 21, 2009, the ALJ denied Plaintiff's request for benefits. (AR at 20-25.) Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that Plaintiff has not engaged in substantial gainful activity since

her alleged onset date of disability. (*Id.* at 29.)

At step two, the ALJ found that Plaintiff suffers from severe impairments consisting of "obesity, lumbar spine degenerative disc disease, mild lumbar spondylosis and asthma." (AR at 29 (bold omitted).)

At step three, the ALJ determined that the evidence does not demonstrate that Plaintiff's impairments, either individually or in combination, meet or medically equal the severity of any listing set forth in the Social Security regulations.[1] (AR at 29.)

The ALJ then assessed Plaintiff's residual functional capacity[2] ("RFC") and determined that she can perform medium work but precluded her from "climbing ladders, ropes or scaffolds and being exposed to environmental irritants and poorly ventilated areas." (AR at 23 (bold omitted).) Also, the ALJ limited Plaintiff to "occasional ramp and stair climbing . . . [;] frequent stooping, kneeling, crouching and crawling." (*Id.* (bold omitted).)

The ALJ found, at step four, that Plaintiff was capable of performing her past relevant work as a child monitor. (AR at 33.) Thus, the ALJ concluded that Plaintiff was not suffering from a disability as defined by the Act. (*Id.* at 27, 35.)

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council. (AR at 1-3, 16-17.) The ALJ's decision stands as the final decision of the Commissioner.

**III.**

---

[1] *See* 20 C.F.R. pt. 404, subpt. P, app. 1.

[2] Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

## STANDARD OF REVIEW

This Court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001, *as amended* Dec. 21, 2001). If the court, however, determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## ISSUE PRESENTED

A single disputed issue is presented for decision here: whether the ALJ properly considered Plaintiff's subjective symptom testimony. (Joint Stip. at 4-11, 19-20.)

# V.

# DISCUSSION AND ANALYSIS

Plaintiff argues that the ALJ failed to properly assess her credibility. (*See* Joint Stip. at 6, 7, 10.) Specifically, Plaintiff maintains that the ALJ failed to "articulate clear and convincing reasons for rejecting [Plaintiff's] pain and limitation testimony." (*Id.* at 6, 10.)

A. <u>The ALJ Must Provide Clear and Convincing Reasons for Discounting Plaintiff's Subjective Complaints</u>

Plaintiff carries the burden of producing objective medical evidence of his or her impairments and showing that the impairments could reasonably be expected to produce some degree of the alleged symptoms. *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). But once a plaintiff meets that burden, medical findings are not required to support the alleged severity of pain. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (*en banc*); *see also Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997, *as amended* Sept. 17, 1997) ("[A] claimant need not present clinical or diagnostic evidence to support the severity of his pain.") (internal citation omitted).

Under these circumstances, an ALJ can then reject a plaintiff's subjective complaint "only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so." *Benton*, 331 F.3d at 1040. The ALJ may consider the following factors in weighing a plaintiff's credibility: (1) his or her reputation for truthfulness; (2) inconsistencies either in the plaintiff's testimony or between the plaintiff's testimony and his or her conduct; (3) his or her daily activities; (4) his or her work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which she complains. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

Here, the ALJ did not find evidence of malingering. (*See generally* AR at 26-35.) Thus, in rejecting Plaintiff's credibility the ALJ must have articulated clear and

convincing reasons.  *See Benton*, 331 F.3d at 1040.

### B. The ALJ Properly Rejected Plaintiff's Subjective Complaints

The Court is persuaded that the ALJ provided clear and convincing reasons for rejecting Plaintiff's credibility.  Three reasons guide the Court's determination.

First, the ALJ found that the objective medical evidence does not support Plaintiff's alleged degree of disability.  (AR at 33 ("objective medical record does not document findings consistent with the extreme limitation [Plaintiff] alleges" and the "[t]reatment records and the consultative examination report show no limitations in gait and overall mobility, joint abnormalities, pulmonary impairment or neurological deficits").)  Apart from the unsubstantiated opinion of treating physician Pacita Neumann, M.D. ("Dr. Neumann"), Plaintiff cannot identify any objective evidence that supports her claims of total disability.  (*See generally* Joint Stip. at 4-11, 19-20.)  The ALJ properly rejected Dr. Neumann's opinion because it was unsupported by the objective evidence in the record, and contrary to the opinion of Nicholas N. Lin, M.D. ("Dr. Lin").  (AR at 32.)  *See Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ may discredit treating physician's opinions that are conclusory, brief, and unsupported by the record as a whole, or by objective medical findings).

The opinion of the examining internist, Dr. Lin, was based on a physical examination, Plaintiff's medical history, and a review of the medical record.  (AR at 240-45); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (An examining physician's opinion may constitute substantial evidence if the "nontreating physician relies on independent clinical findings that differ from the findings of the treating physician.") (internal citation omitted).  Dr. Lin found no acute physical distress; that Plaintiff's gait is within normal limits; that Plaintiff is able to stand on her heels and toes and perform tandem gait; that Plaintiff is able to change position and get on and off the examining table without assistance; and that no assistive device is required for ambulation.  (AR at 242, 244.)  Certainly, a lack of objective evidence

supporting Plaintiff's symptoms cannot be the sole reason for rejecting Plaintiff's testimony. *Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001). However, it can be one of several factors used in evaluating the credibility of Plaintiff's subjective complaints. *Id.*

Second, the ALJ properly discredited Plaintiff's subjective complaints as inconsistent with Plaintiff's daily activities. (AR at 33); *see Thomas*, 278 F.3d at 958-59 (inconsistency between the claimant's testimony and the claimant's conduct supported rejection of the claimant's credibility); *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (inconsistencies between the claimant's testimony and actions cited as a clear and convincing reason for rejecting the claimant's testimony); *Reddick*, 157 F.3d at 722 (stating that a claimant's activities bear on credibility "if the level of activity [is] inconsistent with [the c]laimant's claimed limitations").

Here, despite Plaintiff's allegation that she stopped working as a babysitter because of her limited ability to walk, lift/carry heavy objects due to pain in her hands, arms, legs, and feet (AR at 48, 54, 154, 161-62), the ALJ explained Plaintiff "reported that she was currently engaging in work activity caring for her 8 year old grandson 4 hours a day." (*Id.* at 33.) The Court finds that the ALJ's reasoning is supported by substantial evidence. (*See id.* at 45-46 (Plaintiff stated that she gets paid about $400 a month for babysitting her grandson), 48 (Plaintiff testified that she is capable of walking around the house for three hours), 53 (Plaintiff testified that she has been babysitting her eight year old grandson since 2007, from 2:30 to 6:30), 54 (Plaintiff testified that she is able to make her bed, bathe, dress herself, and cook), 58 (Plaintiff's daughter, Elizabeth Vargas, testified that Plaintiff was babysitting her grandson).) Although Plaintiff's daily work, caring for her eight year old grandson, did not rise to the level of disqualifying substantial gainful activity, it nonetheless suggests "greater physical capacity than alleged" by Plaintiff. (*Id.* at 33.)

Third, the ALJ properly discredited Plaintiff's subjective complaints as inconsistent with Plaintiff's conservative treatment. (AR at 33 ("the objective

7

medical record documents only conservative treatment for [Plaintiff's] symptoms")); *Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (ALJ properly considered, as part of credibility evaluation, treating physician's failure to prescribe, and the claimant's failure to request, medical treatment commensurate with the "supposedly excruciating" pain alleged, and the "minimal, conservative treatment") (citation omitted); *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment."); *see Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989) (ALJ permissibly considered discrepancies between the claimant's allegations of "persistent and increasingly severe pain" and the nature and extent of treatment obtained).

Here, substantial evidence supports this finding. For instance, Plaintiff's high blood pressure, diabetes, and asthma are all controlled with medication. (AR at 49, 51, 158.) Plaintiff asserts that "the ALJ never inquired about side-effects" from Plaintiff's medication (Joint Stip. at 9), and argues that this failure to inquire was contrary to the ALJ's duty to develop the record. However, it is well-established that an ALJ need not address medication side effects where there is but passing mention of them, there is no allegation that they interfere with the ability to work beyond the limitations assessed in the RFC, or there is no medical evidence of side effects severe enough to interfere with the ability to work. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (failure to expressly address medication side effects is not error where there is no record support for side effects); *Osenbrock v. Apfel*, 240 F.3d 1157, 1164 (9th Cir. 2001) ("There were passing mentions of the side effects of [the claimant's] medication in some of the medical records, but there was no evidence of side effects severe enough to interfere with [the claimant's] ability to work."); *Miller v. Heckler*, 770 F.2d 845, 849 (9th Cir. 1985) (holding the claimant had the burden of producing clinical evidence showing that his use of prescription narcotics impaired his ability to work); *Montes v. Astrue*, 2009 WL

3672551, at *4 (C.D. Cal. 2009) (holding the ALJ was not required to make further inquiry or findings where there was no record evidence of side effects). In this case, the ALJ noted that the record does not reflect any medication side effects. (AR at 33.) Indeed, on Plaintiff's disability report, Plaintiff indicated that the medication side effects are either nonexistent or unknown. (*Id.* at 158.)

In addition, despite alleging debilitating pain due to varicose veins, Plaintiff has never had surgery for them. (AR at 49.) Plaintiff testified that her scheduled surgery was cancelled due to her uncontrolled hypertension; however, since then, Plaintiff's blood pressure and diabetes have been effectively controlled by medication. (*Id.*) Plaintiff testified that she has yet to have the procedure as she continues to worry about it due to her diabetes. (*Id.*) Further, other than getting her prescriptions renewed and going for periodic visits, Plaintiff stated she was not receiving any other treatment. (*Id.* at 53.) The record therefore supports the ALJ's finding that Plaintiff's conservative treatment is inconsistent with her claimed impairments.

Accordingly, the Court finds that the ALJ provided clear and convincing reasons, supported by substantial evidence, for discounting Plaintiff's subjective complaints of pain and limitation.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**VI.**

**CONCLUSION**

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits, and dismissing the complaint with prejudice.

DATED: June 28, 2011

Hon. Sheri Pym
United States Magistrate Judge